Fred D. WILSON, Plaintiff,

v.

Attorney George GOODWYN, Chairman Edgecombe County Board of Elections, Edgecombe County Board of Elections, and the City of Rocky Mount, Defendants.

No. 81–64–CIV–8.

United States District Court, E. D. North Carolina, Wilson Division.

Oct. 9, 1981.

Fred D. Wilson, pro se.

George A. Goodwyn, Tarboro, N. C., pro se.

Richard J. Rose of Spruill, Lane & McCotter, Rocky Mount, N. C., for City of Rocky Mount.

## ORDER

LARKINS, Senior District Judge:

THIS MATTER comes before the Court on a Complaint and Motion For Temporary Restraining Order filed by Plaintiff to restrain Defendants from conducting City of Rocky Mount municipal elections on Octo-

ber 6, 1981. Plaintiff's Complaint alleges that Defendants violated his constitutional rights by refusing to place his name on the ballot. A hearing was held on October 5, 1981, in Trenton, North Carolina, at 10:00 A.M.

## STATEMENT OF FACTS

On September 1, 1981, Plaintiff, a resident of the City of Rocky Mount, Edgecombe County, North Carolina, filed Notice of Candidacy for election to the office of City Council for the Third Ward in the Defendant City of Rocky Mount's municipal election to be held on October 6, 1981. Plaintiff paid the filing fee of $25.00 to the Defendant City of Rocky Mount Clerk and was given receipt number 3268.

Defendant City of Rocky Mount is located in Nash and Edgecombe Counties, North Carolina, and has no municipal board of elections. Defendant Edgecombe County Board of Elections conducts Defendant City of Rocky Mount municipal elections for those precincts of the municipality located in Edgecombe County, including the precinct in which Plaintiff resides.

After receiving Plaintiff's Notice of Candidacy the City Clerk for Defendant City of Rocky Mount advised Defendant George Goodwyn, Chairman of the Defendant Edgecombe County Board of Elections, that Plaintiff had filed a Notice of Candidacy and that according to newspaper reports Plaintiff was a convicted felon. Upon receiving this information from the City Clerk, Defendant Goodwyn checked the records in the Edgecombe County Clerk's office in Tarboro, North Carolina, and determined that Plaintiff had been convicted of two (2) charges of fraud, a felony in violation of *N.C.Gen.Stat.* § 14–100, on June 10, 1981, in Edgecombe County Superior Court. Plaintiff gave Notice of Appeal to the North Carolina Court of Appeals and his appeal is still pending.

Upon determining that Plaintiff was a convicted felon, Defendant Goodwyn, a licensed attorney in North Carolina, re-

viewed the North Carolina Constitution and cases interpreting Article VI of the Constitution, and also spoke by telephone with the North Carolina Attorney General's office, to determine whether Plaintiff was eligible to be elected to public office. Based upon his investigation Defendant Goodwyn concluded, based on Article VI of the Constitution of North Carolina, that Plaintiff was not eligible for election to the office of the City Council for the Defendant City of Rocky Mount. On September 3, 1981, Defendant Goodwyn wrote Plaintiff a letter advising him that he was ineligible to run for public office and attached to his letter a check in the amount of $25 to refund his filing fee. Defendant Goodwyn's letter to Plaintiff invited Plaintiff to contact Defendant Goodwyn if he had any questions relating to his candidacy.

The letter was received by Plaintiff on September 3 or 4, 1981, and the refund check was cashed by Plaintiff approximately twenty (20) days later. Plaintiff never contacted Defendant Goodwyn concerning the letter, although he testified that he did make one (1) attempt to contact Defendant Goodwyn but was unable to reach him. None of the Defendants were contacted by Plaintiff, or anyone in his behalf, until they were notified on Friday afternoon, October 2, 1981, that Plaintiff had filed a Motion asking the Court to restrain Defendants from conducting the October 6, 1981 municipal election.

## CONCLUSIONS OF LAW

N.C.Const. art. 6, provides that every qualified voter in North Carolina, except as disqualified in the Constitution, shall be eligible for election to public office. N.C. Const. art. 6, § 2(3) provides that no person adjudged guilty of a felony against the State of North Carolina shall be permitted to vote unless he shall first be restored to the rights of citizenship in the manner prescribed by law. Thus, it is clear that under the North Carolina Constitution a convicted felon is ineligible to be elected to public

office. Plaintiff was convicted of two (2) felonies against the State of North Carolina in the Superior Court of Edgecombe County on June 10, 1981. Plaintiff has given Notice of Appeal and his appeal is presently pending in the North Carolina Court of Appeals.

■ A person is "adjudged guilty" when his guilt has been determined by a jury, or a judge with judicial or quasijudicial powers. *In re Peoples*, 296 N.C. 109, 250 S.E.2d 890 (1978). Provisions in state statutes and constitutions which deny convicted felons the right to vote and hold office do not violate the various rights guaranteed by the Constitution of the United States. *Green v. Board of Elections*, 380 F.2d 445 (2nd Cir. 1967) *cert. denied*, 389 U.S. 1048, 88 S.Ct. 768, 19 L.Ed.2d 840 (1968).

■ Although there is no North Carolina case which speaks directly to the effect of a pending appeal upon the disqualification of a felon, the majority of state courts which have considered the question have held that a person is ineligible to hold public office once he has been convicted in the trial court, and that a pending appeal does not stay his ineligibility to hold office. A jury verdict of guilty removes the presumption of innocence which formally persisted in favor of the individual accused of committing a crime. After a conviction the law presumes that an individual is guilty and that the trial court proceedings were regularly conducted. *People v. John F. McGuane, et al.*, 13 Ill.2d 520, 150 N.E.2d 168 (1958), *cert. denied*, 358 U.S. 828, 79 S.Ct. 46, 3 L.Ed.2d 67 (1958). Thus, a person adjudged guilty of a felony at the trial court level is ineligible to be elected to public office while his case is pending on appeal.

## CONCLUSION

Based upon the foregoing findings of fact and conclusions of law, IT IS HEREBY ORDERED THAT PLAINTIFF'S MOTION

FOR A TEMPORARY RESTRAINING ORDER BE DENIED AND THAT DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT BE GRANTED. THIS ORDER IS TO VERIFY AN ORAL ORDER RENDERED BY THIS COURT IN OPEN COURT ON MONDAY, OCTOBER 5, 1981, AT TRENTON, NORTH CAROLINA, WITH ALL PARTIES PRESENT, WHERE THIS COURT DENIED PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND GRANTED DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT.

SO ORDERED.