STATE OF HAWAII, Plaintiff-Appellee, *v.* WADE TIMOTHY RODRIGUES, Defendant-Appellant

NO. 9604

(CR. NO. 57960)

AUGUST 23, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI,
AND WAKATSUKI, JJ.

OPINION OF THE COURT BY NAKAMURA. J

Wade Timothy Rodrigues was adjudged guilty of Burglary in the First Degree and sentenced to a mandatory minimum period of imprisonment of ten years as a repeat offender within the purview of Hawaii

Revised Statutes (HRS) § 706-606.5 (Supp. 1984).[1] Relying in part on

[1]HRS § 706-606.5 (Supp. 1984) reads:

Sentencing of repeat offenders. (1) Notwithstanding section 706-669 and any other law to the contrary, any person convicted under section 707-701 relating to murder, 707-710 relating to assault in the first degree, 707-720 relating to kidnapping, 707-724 relating to criminal coercion involving dangerous weapons, 707-730 relating to rape in the first degree, 707-733 relating to sodomy in the first degree, 707-768 relating to extortion involving dangerous weapons, 708-810 relating to burglary in the first degree, 708-840 relating to robbery in the first degree, 712-1241 relating to the promoting of a dangerous drug in the first degree, 712-1242 relating to the promoting of a dangerous drug in the second degree, or 712-1244 relating to the promoting of a harmful drug in the first degree, who has a prior conviction for any of the above enumerated offenses or of any one of those enumerated in subsection (2) in this or another jurisdiction, within the time of the maximum sentence of the prior conviction, shall be sentenced for each conviction after the first conviction to a mandatory minimum period of imprisonment without possibility of parole during such period as follows:

(a) Second conviction-5 years;
(b) Third conviction-10 years.

(2) Notwithstanding section 706-669 and any other law to the contrary, any person convicted under section 708-811 relating to burglary in the second degree; 708-831 relating to theft in the first degree; 134-7 relating to ownership or possession of firearms or ammunition by persons convicted of certain crimes; 134-8 relating to ownership, etc., of prohibited weapons; 134-9 relating to permits to carry; 707-702 relating to manslaughter; 707-703 relating to negligent homicide in the first degree; 707-711 relating to assault in the second degree; 707-713 relating to reckless endangering in the first degree; 707-716 relating to terroristic threatening in the first degree, 707-721 relating to unlawful imprisonment in the first degree; 707-731 relating to rape in the second degree; 707-732 relating to rape in the third degree; 707-734 relating to sodomy in the second degree; 707-735 relating to sodomy in the third degree; 707-736 relating to sexual abuse in the first degree; 707-741 relating to incest; 707-750 relating to promoting child abuse in the first degree; 707-751 relating to promoting child abuse in the second degree; 707-765 relating to extortion in the first degree; 707-766 relating to extortion in the second degree; 708-820 relating to criminal property damage in the first degree; 708-841 relating to robbery in the second degree; 710-1020 relating to escape in the first degree; 710-1031 relating to intimidation of a correctional worker; 710-1071 relating to intimidating a witness; 710-1074 relating to intimidating a juror; or 712-1202 relating to promoting prostitution in the first degree who has a prior conviction or prior convictions for one or more offenses enumerated in subsection (1) or this subsection in this or another jurisdiction, within the time of the maximum sentence of any prior conviction, shall be sentenced to a mandatory minimum period of imprisonment without possibility of parole during such period as follows:

(a) One prior conviction-3 years;
(b) Two prior convictions-5 years.

(3) The sentencing court may impose the above sentences consecutive to any other sentence then or previously imposed on the defendant or may impose a lesser mandatory minimum sentence without possibility of parole than that mandated by this section where the court finds that strong mitigating circumstances warrant such action. Strong mitigating circumstances shall include, but will not be limited to, the provisions of section 706-621. The court shall provide a written opinion or its reasons for imposing the lesser sentence.

 

*State v. Tavares,* 63 Haw. 509, 630 P.2d 633 (1981), he asserts the trial judge should have imposed a mandatory minimum term of five rather than ten years. We conclude *Tavares* is not controlling in the situation before us and the imposition of a mandatory minimum term of ten years was not error.[2]

I.

On October 4, 1983, the jury in the case of State of Hawaii vs. Wade Timothy Rodrigues, Criminal No. 57960, Circuit Court of the First Circuit, returned a verdict of guilty. Immediately thereafter, the trial judge "adjudge[d] the Defendant guilty as charged of the offense of burglary in the first degree" and scheduled sentencing for November 10, 1983. Inasmuch as the defendant had been convicted of felonies on three prior occasions and was a probationer, the State moved for the revocation of probation as well as for the imposition of a ten-year mandatory minimum term of imprisonment pursuant to HRS § 706-606.5.

The motions were heard on November 10, 1983, at which time the State adduced proof of the previous convictions and dispositions, to wit: (1) theft in the first degree for which the defendant had been placed on probation for five years on November 2, 1978, (2) theft in the first degree for which he had been placed on probation again on December 10, 1979, and (3) burglary in the first degree for which he had also been placed on probation on December 10, 1979.[3] Defense counsel did not question the accuracy of the evidence presented by the State. But he argued the imposition of a mandatory term of ten years would be a misapplication

---

[2]*But see infra* note 7.

[3]The following table presents the history of defendant's felony convictions in graphic form:

| Criminal Case Number | When Offense Was Committed | Date of Indictment | Date of Guilty Verdict or Plea | Sentencing Date |
|---|---|---|---|---|
| 51425 (theft 1st°) | 2/15/78 | 6/15/78 | 9/21/78 (guilty plea) | 11/2/78 |
| 53064 (theft 1st°) | 5/9/79 | 6/27/79 | 10/24/79 (guilty plea) | 12/10/79 |
| 53195 (burglary 1st°) | 5/30/79 | 8/22/79 | 10/23/79 (jury verdict) | 12/10/79 |
| 57960 (burglary 1st°) | 3/30/82 | 12/15/82 | 10/4/83 (jury verdict) | 11/10/83 |

of the repeat offender law. By his reckoning, the criminal history in question yielded only a single prior conviction that could be taken into account in applying HRS § 706-606.5.

Equating "conviction" with the entry of judgment or the sentence, he asserted the earliest conviction was not one upon which the State could rely in seeking enhancement of the sentence about to be imposed. Since a "prior conviction" upon which enhancement may be predicated is one occurring within a given time of the principal offense, a period measurable by the maximum sentence imposable for the previous offense, and Rodrigues was being sentenced more than five years after he was convicted of the first offense, counsel maintained it could not possibly be the basis for imposing a mandatory minimum sentence. The second and third convictions, he argued further, could only be considered a single conviction under the pertinent statutory provision as construed in *State v. Tavares, supra. Tavares* in his view stood for the proposition that when a defendant "is sentenced [for two or more offenses] on the same day[,] for purposes of the [repeat offender law they] can only be counted as one conviction."

The trial judge was not impressed by this reasoning. Our ruling in *Tavares,* he said, was only that "prior convictions must have occurred before the offense for which the defendant is . . . being sentenced [as a repeat offender]." By his reckoning Rodrigues had three prior convictions, and he felt a minimum period of imprisonment of ten years was mandated. He "reluctantly . . . grant[ed] the motion to have the defendant sentenced as a repeat offender with three prior offenses" and imposed a sentence that included a mandatory minimum term of imprisonment of ten years. The defendant appeals.

II.

"Appellant asserts as error the trial court's finding that he possessed three prior convictions, rather than only one, and that he was therefore subject to a ten year minimum term of imprisonment pursuant to HRS § 706-606.5(1)(b)." Whether the trial court erred or not thus turns on the meaning of the crucial term, "conviction."

A.

Our quest for meaning begins as it must with the statutory provision in question, which in pertinent part provides that:

any person convicted [of an offense enumerated in HRS § 706-606.5(1)], who has a prior conviction for any of the ... enumerated offenses or of any one of those enumerated in [HRS § 706-606.5(2)], within the time of the maximum sentence of the prior conviction, shall be sentenced for each conviction after the first conviction to a mandatory minimum period of imprisonment without possibility of parole during such period as follows:

    (a)  Second conviction-5 years;

    (b)  Third conviction-10 years.

HRS § 706-606.5(1) (Supp. 1984); *see supra* note 1 for full text.

"Conviction" is employed without express definition therein. It is ostensibly defined for present purposes by HRS § 706-666(1) (Supp. 1984), which reads:

An adjudication by a court of competent jurisdiction that the defendant committed a crime constitutes a conviction for purposes of sections 706-606.5, 706-662, and 706-665, although sentence or the execution thereof was suspended, provided that the defendant was not pardoned on the ground of innocence.

We are thus told an adjudication of guilt constitutes a conviction for purposes of the repeat offender law despite a suspension of the sentence or its execution

Our duty in statutory interpretation is "to give effect to the law according to its plain and obvious meaning. *See, e.g., In re Estate of Spencer,* 60 Haw. 497, 499, 591 P.2d 611, 613 (1979); *In re Palk,* 56 Haw. 492, 497, 542 P.2d 361, 364 (1975)." *In re Hawaiian Telephone Co.,* 61 Haw. 572, 577-78, 608 P.2d 383, 387 (1980). But in this instance the task entails some difficulty; for "conviction" obviously has more than one meaning, and so does "adjudication of guilt."

"In its common and popular sense, [a 'conviction' refers to] the finding of the jury [or the court] that the defendant is guilty." *State v. Heald,* 382 A.2d 290, 295 (Me. 1978). In a more technical sense, however, it means "a final judgment entered on such a determination." *People ex rel. Grogan v. Lisinski,* 113 Ill. App. 3d 276, 279, 446 N.E.2d 1251, 1253 (1983). "The word 'adjudication' in its strict judicial sense [likewise] is generally held to imply a final judgment of the court . . . ." *State v. Hoffman,* 236 Or. 98, 103, 385 P.2d 741, 743 (1963) (citation omitted). Yet "adjudication of guilt" may also designate that stage in a criminal prosecution when the defendant's guilt is established rather than when the sentence or final judgment is entered. *See, e.g.,* Hawaii

Rules of Penal Procedure (HRPP) Rule 32(a);[4] *Wilson v. Goodwyn*, 522 F. Supp. 1214, 1216 (E.D.N.C. 1981) ("A person is 'adjudged guilty' when his guilt has been determined by a jury, or a judge with judicial or quasijudicial powers").

"When there is . . . doubleness of meaning . . . or uncertainty [relating to] an expression used in a statute an ambiguity [undoubtedly] exists." *State v. Sylva*, 61 Haw. 385, 388, 605 P.2d 496, 498 (1980) (citations omitted). And where ambiguity exists we have no recourse but to look "to sources other than the language of the statute itself" for aid in construing the language consistently with its purpose. *Dependents of Crawford v. Financial Plaza Contractors*, 64 Haw. 415, 421, 643 P.2d 48, 52 (1982).

### B.

We turn to a readily accessible source of possible aid, the legislative history of the relevant statutory provisions, to see whether there is anything there that speaks with force on the intended meaning of "conviction" or "adjudication of guilt." We learn that in 1976 the legislature found "the high incidence of repeated [offenses] by previously convicted persons [posed] a clear danger to [the] citizens" of Hawaii and decided "steps should be taken so . . . any person convicted for some of the most serious and reprehensible felonies [would] be sentenced, for each conviction after the first conviction to a mandatory sentence without possibility of parole." Hse. Conf. Comm. Rep. No. 32, in 1976 House Journal, at 1141; Sen. Conf. Comm. Rep. No. 33, in 1976 Senate Journal, at 883. But the committee reports adopted in conjunction with the original enactment of the repeat offender provisions offer no guidance on what the legislature meant by either "convicted" or "conviction."

When the legislature reviewed the statute in 1979, it found the "requirement that a person [must] commit identical felonies to be considered a repeat offender" incongruous with the statute's purpose. Hse. Stand. Comm. Rep. No. 978, in 1979 House Journal, at 1628-29. It

---

[4]HRPP Rule 32(a), in pertinent part, states:
 After an adjudication of guilt, sentence shall be imposed without unreasonable delay.

therefore "broaden[ed] the definition of a repeat offender . . . from a person convicted more than once for the same felony, to a person convicted more than once" for a number of given offenses. *Id.* at 1628. However, it added a requirement that the subsequent offense must have been committed within the period of the maximum sentence imposable for the prior offense (measured from the time of sentencing) before the provisions in question could be applied in sentencing the offender. *See* Sen. Conf. Comm. Rep. No. 11, in 1979 Senate Journal, at 942, Hse. Conf. Comm. Rep. No. 10, in 1979 House Journal, at 1074-75.[5]

The list of offenses for which one can be sentenced as a repeat offender was lengthened in 1980 to cover "class B and C felonies involving violence, force, or the threat thereof." Sen. Conf. Comm. Rep. No. 25, in 1980 Senate Journal, at 951, Hse. Conf. Comm. Rep. No. 24, in 1980 House Journal, at 1081. And the legislature gave the sentencing court discretionary authority "to set a lesser minimum if 'strong mitigating circumstances warrant[ed] such action.'" *Id.* at 1081-82; Sen. Conf. Comm. Rep. No. 25 at 951; *see also* HRS § 706-606.5 commentary (Supp. 1984).

What is quite evident from the history is a growing legislative concern with the problem of recidivism in crime. Yet, the parenthetic statement in the conference committee reports adopted in 1979, which suggests the crucial interval between the prior conviction and the principal offense should be "measured from the time of sentencing," provides the only clue in any of the committee reports on how the legislature intended the language in question would be applied in the situation at hand. *See supra* note 5.

---

[5]Sen. Conf. Comm. Rep. No. 11 and Hse. Conf. Comm. Rep. No. 10 in relevant part read:

> This bill now provides that subsequent convictions for any of the types of crimes enumerated would make a person a repeat offender, subject to a mandatory minimum sentence. However, the subsequent offense must have occurred within the time of the maximum sentence of the prior conviction. For example, if the first offense was assault in the first degree, a class B felony under section 707-710, Hawaii Revised Statutes, the maximum sentence is 10 years (section 706-660, Hawaii Revised Statutes). If, within this ten year period, *(measured from the time of sentencing)*, a second of the enumerated offenses is committed, the person would be subject to the mandatory minimum sentence of five years.(Underscoring added).

## C.

Reading the language with this pointer in mind and "in a manner consistent with the purpose[]" of HRS § 706-606.5, *State v. Sylva,* 61 Haw. at 388, 605 P.2d at 498, we conclude a mere finding of guilt by a jury or a court does not constitute a "conviction" within the meaning of the section; a judgment entered upon the finding does.[6] There is support for this conclusion "in the general rule that where disabilities, disqualifications and forfeitures are to follow upon a conviction, in the eye of the law a person is not deemed to have been convicted unless it is shown that a judgment has been pronounced upon the verdict." *People v. Weinberger,* 21 A.D.2d 353, 355, 251 N.Y.S.2d 790, 793-94 (1964) (citations omitted); *see also Kitsap County Republican Central Commission v. Huff,* 94 Wash. 2d 802, 808, 620 P.2d 986, 989 (1980); *Vasquez v. Courtney,* 272 Or. 477, 479, 537 P.2d 536, 537 (1975); *People ex rel. Grogan v. Lisinski,* 113 Ill. App. 3d at 280, 446 N.E.2d at 1254. Where a "conviction" serves as grounds for an automatic mandatory sentence without possibility of parole, there also is good reason to deem a person convicted only upon the pronouncement of judgment.

## III.

Though we have decided a "conviction" for purposes of HRS § 706-606.5 refers to the judgment rather than the finding of guilt, whether two sentences pronounced on the same day for separate offenses charged in two indictments constitute a single "conviction" remains for decision. We begin our analysis by examining the case upon which the defendant relies.

"The issue [in *State v. Tavares, supra,* was] whether a conviction on the second count of a two-count indictment constitute[d] a separate conviction under Hawaii's repeat offender statute, HRS § 706-606.5 (Supp. 1980)." *State v. Tavares,* 63 Haw. at 509, 630 P.2d at 634. The statute, we found, was "ambiguous as to whether one conviction can be considered to have occurred 'after' another conviction where both

---

[6]HRS § 641-11 (Supp. 1984) states in part that "[t]he sentence of the court in a criminal case shall be the judgment." And by virtue of HRS § 706-666(1) (Supp. 1984), there would be a final judgment for purposes of the repeat offender law "although sentence or the execution thereof was suspended."

[were] rendered simultaneously in the same trial." *Id.* at 511, 630 P.2d at 635. And we resolved the ambiguity by ruling "that convictions on several counts of an indictment are to be treated as only one conviction for the purposes of section 706-606.5(1)." *Id.* at 515, 630 P.2d at 637.

But the issue before us is whether two judgments rendered on the same day for offenses covered by separate indictments are to be treated as one conviction, hardly the question posed in *Tavares*. There, we reversed the trial judge because the two convictions serving as grounds for sentence enhancement stemmed from two offenses committed on the same day, charged in the same indictment, and for which findings of guilt were rendered simultaneously in the same trial. Here, the two convictions Rodrigues would have us consider as one were for offenses committed a month apart, charged in separate indictments, and for which findings of guilt were entered in separate proceedings. *State v. Tavares* is not controlling, for the simultaneousness upon which our ruling was premised is absent. We see no basis for a ruling that the judgments entered on December 10, 1979 only resulted in a single conviction for purposes of sentence enhancement pursuant to the repeat offender law. *Cf. State v. Akao,* 66 Haw. 182, 184, 658 P.2d 882, 883 (1983) (HRS § 706-606.5(2) "only requires that a defendant have a 'prior' conviction or convictions to qualify for greater punishment").

IV.

Having construed the ambiguous term, we consider the sentence imposed upon the defendant in the light of our reading of "conviction" and other relevant language. As we observed, the circuit court found the defendant had been convicted on three previous occasions and sentenced him to a mandatory minimum term of imprisonment of ten years. Employing the meaning we have attached to "conviction" and measuring the intervals between offenses consistently with what we perceive was the legislative intent, we conclude the circuit court reached a correct result.

The defendant argues the circuit court should not have taken his first felony conviction into account inasmuch as it was committed more than five years before he was sentenced for the principal offense. We have read "conviction" to mean "judgment" or "sentence," and the legislature has said the period between convictions should be "measured from the time of sentencing." *See supra* note 5. The defendant was first sentenced

on November 2, 1978 for theft in the first degree and on November 10, 1983 for the principal offense, burglary in the first degree, and more than five years had elapsed between the first conviction and that for the principal offense. Since the maximum sentence imposable for theft in the first degree is five years, the court should not have taken the initial felony into account in sentencing the defendant as a repeat offender.

The defendant nonetheless had been convicted of two other offenses enumerated in HRS § 706-606.5 within five years of the conviction for the principal offense. That the circuit court mistakenly concluded the defendant had been convicted on three, rather than two, prior occasions is of no consequence; he was still subject to a ten-year mandatory minimum term of imprisonment. *See supra* note 1. "[W]here the decision below is correct it must be affirmed by the appellate court though the lower tribunal gave a wrong reason for its action." *Agsalud v. Lee,* 66 Haw. 425, 430, 664 P.2d 734, 738 (1983) (quoting *J. E. Riley Investment Co. v Commissioner,* 311 U.S. 55, 59 (1940) (other citations omitted)).

Affirmed.

*Richard W. Pollack* (*Alvin T Sasaki* on the brief) Deputy Public Defenders, for appellant.

*Willard Peterson* (*Arthur E Ross* on the brief) Deputy Prosecuting Attorneys, for appellee.

---

The record indicates the circuit court "reluctantly grant[ed] the motion to have the defendant sentenced as a repeat offender." HRS § 706-606.5(3), however, vests the court with authority to impose a lesser mandatory minimum sentence where "strong mitigating circumstances warrant such action." Since Rule 35 of the Hawaii Rules of Penal Procedure permits the reduction of a sentence upon receipt of this court's mandate following affirmance of the judgment, the circuit court will be able to consider the exercise of its discretionary power if such action is warranted.