**STATE OF HAWAII**, Plaintiff–Appellee, v. **MARK D. CABRAL**, Defendant–Appellant

NO. 13793

(CR. NO. 88–1645)

JANUARY 26, 1990

PADGETT, ACTING C.J., HAYASHI, AND WAKATSUKI, JJ., AND RETIRED JUSTICE NAKAMURA, ASSIGNED BY REASON OF VACANCY, AND INTERMEDIATE COURT OF APPEALS CHIEF JUDGE BURNS, IN PLACE OF LUM, C.J., RECUSED

OPINION OF THE COURT BY HAYASHI, J.

Following a jury trial, Defendant–Appellant Mark D. Cabral (Defendant) was found guilty as charged for the offense of promoting a dangerous drug in the second degree (HRS § 712–1242), a

class B felony. Defendant was thereafter sentenced to a ten year term of imprisonment, with a mandatory minimum term of six years and eight months imprisonment as a repeat offender.

On appeal, Defendant seeks to reverse the portion of his sentence which imposes a mandatory minimum term of six years and eight months imprisonment as a repeat offender. We affirm.

## I.
## FACTUAL BACKGROUND

Prior to Defendant's conviction and sentence in the instant case (Cr. No. 88–1645), Defendant was convicted and sentenced in two other criminal actions (Cr. Nos. 87–0642 and 87–0870).

In June 1987, Defendant was charged by complaint in Cr. No. 87–0642 for criminal offenses which allegedly occurred in May 1987. Subsequently, in July 1987, Defendant was indicted in Cr. No. 87–0870 for criminal offenses which allegedly occurred in October 1986.

At a hearing on November 27, 1987 before the circuit court, Defendant pled guilty as charged: 1) in Cr. No. 87–0642, to two counts of promoting a dangerous drug in the second degree, a class B felony; and 2) in Cr. No. 87–0870, to a) four counts of promoting a dangerous drug in the second degree, a class B felony, and b) one count of promoting a dangerous drug in the third degree, a class C felony.

On March 11, 1988, the circuit court entered judgments of conviction and sentence in both Cr. Nos. 87–0642 and 87–0870.

Six months later, in September 1988, Defendant was indicted in the instant case (Cr. No. 88–1645) for a criminal offense which allegedly occurred in May 1988.

On February 15, 1989, in Cr. No. 88–1645, a jury found Defendant guilty as charged for the offense of promoting a dangerous drug in the second degree.

On March 17, 1989, Plaintiff–Appellee State of Hawaii (State) moved to sentence Defendant as a repeat offender, pursuant to HRS § 706–606.5. Following a hearing, the circuit court orally granted State's motion to sentence Defendant as a repeat offender, and imposed a ten year term of imprisonment, with a mandatory minimum term of six years and eight months imprisonment as a repeat offender.

The judgment of conviction and sentence was subsequently entered on March 29, 1989.

On April 11, 1989, the circuit court entered its written order granting State's motion to sentence Defendant as a repeat offender. In its order, the circuit court ruled that "Defendant is a repeat offender and has two prior felony convictions under Criminal Nos. 87–0870 and 87–0642, pursuant to Section 706–606.5, *H.R.S.*" Record at 107.

This timely appeal followed.

## II.
## HRS § 706–606.5

The following diagram illustrates the pertinent dates for purposes of this appeal:

| CR. NO. | OFFENSE COMMITTED | COMPLAINT OR INDICTMENT | GUILTY PLEA OR VERDICT | CONVICTION AND SENTENCE |
|---|---|---|---|---|
| 87–0642 | 5/87 | 6/87 | **11/27/87** | **3/11/88** |
| 87–0870 | 10/86 | 7/87 | **11/27/87** | **3/11/88** |
| 88–1645 | 5/88 | 9/88 | 2/15/89 | 3/29/89 |

At issue is the proper application of the repeat offender sentencing statute of the Hawaii Penal Code.

HRS § 706–606.5(1) (Supp. 1989) mandates in pertinent part that any person convicted of any class B felony and who has a prior conviction or prior convictions for a class B felony or for the class

C felony of promoting a dangerous drug in the third degree, shall be sentenced to a mandatory minimum term of imprisonment as follows:

(a) One prior felony conviction:

. . . .

(iii) Where the instant conviction is for a class B felony — three years, four months[.]

. . . .

(b) Two prior felony convictions:

. . . .

(iii) Where the instant conviction is for a class B felony — six years, eight months[.]

Initially at the hearing on State's motion for repeat offender sentencing and now here on appeal, Defendant's position is that since sentencing was imposed on the same day (March 11, 1988) in both Cr. Nos. 87–0642 and 87–0870, and for which guilty pleas were previously entered in the same proceeding (November 27, 1987), Defendant was convicted once, not twice, for purposes of sentence enhancement under the repeat offender sentencing statute of HRS § 706–606.5. Having just one prior conviction, a mandatory minimum term of three years and four months, pursuant to the repeat offender sentencing statute, was thus in order. The circuit court, therefore, erred: 1) in ruling that Defendant had two prior felony convictions (Cr. Nos. 87–0870 and 87–0642); and 2) in imposing a mandatory minimum term of six years and eight months imprisonment, pursuant to the repeat offender sentencing statute. We disagree.

HRS § 706–606.5(4)(a) states that "[c]onvictions under two or more counts of an indictment or complaint shall be considered a single conviction without regard to when the convictions occur[.]" HRS § 706–606.5(4)(c), in turn, provides that "[a] conviction occurs on the date judgment is entered." *See also State v. Rodrigues*, 68 Haw. 124, 706 P.2d 1293 (1985) ("conviction"

within the meaning of HRS § 706–606.5 refers to the judgment entered upon a finding of guilt by a jury or trial court).

Here, in Cr. No. 87–0642, Defendant was charged by complaint for criminal offenses which allegedly occurred in May 1987, he pled guilty to these charges on November 27, 1987, and judgment was entered on March 11, 1988. This judgment constitutes a prior conviction. Meanwhile, in Cr. No. 87–0870, Defendant was indicted in July 1987 for criminal offenses which allegedly occurred in October 1986, he pled guilty to these charges on November 27, 1987, and judgment was entered on March 11, 1988. This judgment constitutes an additional and separate, prior conviction.

The fact that sentencing was imposed on the same day in both Cr. Nos. 87–0642 and 87–0870, and that Defendant's guilty pleas in both of these cases were previously entered at the same hearing, did not therefore "merge" these two separate convictions into a single prior conviction under the repeat offender sentencing statute. *Cf. State v. Rodrigues*, 68 Haw. 124, 706 P.2d 1293 (1985) (where a defendant was sentenced on the same day for two offenses which were committed a month apart, were charged in two separate indictments, and for which findings of guilt were entered in separate proceedings, he was convicted twice, not once, for purposes of sentence enhancement under the repeat offender statute). The offenses Defendant pled guilty to in Cr. No. 87–0642 occurred approximately seven months after the commission of the offenses he pled guilty to in Cr. No. 87–0870. Moreover, Defendant was charged by complaint in Cr. No. 87–0642, and a month later, was indicted in Cr. No. 87–0870.

Accordingly, we hold that the respective judgments in Cr. Nos. 87–0642 and 87–0870 constitute two separate, prior convictions for purposes of sentence enhancement under HRS § 706–606.5. The circuit court's ruling in this regard, therefore, was not in error.

## III.
## CONCLUSION

Based on the foregoing reasons, we affirm the circuit court's sentencing of Defendant to a mandatory minimum term of six years and eight months imprisonment. Affirmed.

*Lane Y. Takahashi*, for Defendant–Appellant.

*Lisa Itomura*, Deputy Prosecuting Attorney, for Plaintiff–Appellee.