**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000843
17-OCT-2025
08:06 AM
Dkt. 53 SO**

NO. CAAP-24-0000843

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant,
v.
JOHN NAKI, Defendant-Appellee.

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(CASE NO. 3FFC-24-0000233)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Wadsworth and McCullen, JJ.)

In this appeal, Plaintiff-Appellant State of Hawaiʻi (**State**) challenges the family court's conclusion that the defendant's two prior abuse of family or household member (**Abuse**) offenses, charged in a single complaint resulting in a single judgment of conviction, constituted one prior conviction rather than the two prior convictions required for felony Abuse sentencing under Hawaii Revised Statutes (**HRS**) § 709-906(8) (**felony aggravator provision**).[1] We affirm.

---

[1] HRS § 709-906 (2014 & 2023 Supp.) provides graduated penalties for repeat Abuse offenders by classifying Abuse as a misdemeanor with a thirty-day minimum jail sentence "[f]or a second offense that occurs within

The State appeals from the November 26, 2024 "Order Remanding Case to Family Court" (**Dismissal Order**), filed by the Family Court of the Third Circuit (**Family Court**).[2] On appeal, the State contends the Family Court erred by dismissing Count 1, felony Abuse, when it concluded that Defendant-Appellee John Naki's (**Naki**) two prior Abuse convictions had to "be recorded in separate judgments and arise out of separate incidents" to qualify for the felony aggravator provision in HRS § 709-906(8).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve the State's point of error as follows.

The June 4, 2024 Information charged Naki with felony Abuse in violation of HRS § 709-906(8) (**Count 1**); and petty misdemeanor Abuse in violation of HRS § 709-906(6) (**Count 2**). The felony Abuse in Count 1 relied on two prior Abuse offenses that occurred on the same date, which were prosecuted in a single case, resulting in two convictions set forth in a single Judgment of Conviction entered on December 19, 2022, as follows:

> 1. In Case No. 3FFC-22-384, C22-08165/PN, which occurred on or about July 16, 2022, and for which Judgment of Conviction was entered on December 19, 2022;
>
> 2. In Case No. 3FFC-22-384, C22-08172/PN, which occurred on or about July 16, 2022, and for which Judgment of Conviction was entered on December 19, 2022;
>
> . . . .

---

one year of the first conviction"; and classifying Abuse as a class C felony under the felony aggravator provision "[f]or a third or any subsequent offense that occurs within two years of a second or subsequent conviction[.]" See HRS § 709-906(5)(b) and (8).

[2] The Honorable Henry T. Nakamoto presided.

On October 10, 2024, Naki filed a "Motion to Dismiss Felony Information Complaint Count 1" (**Motion to Dismiss**), arguing that because Count 1 was based on a "conviction for two counts of abuse under one complaint," this did "not constitute a 'second or subsequent conviction' for repeat offender sentencing" under HRS § 709-906(8).

Following a November 26, 2024 hearing on the Motion to Dismiss, the Circuit Court filed the Dismissal Order, dismissing Count 1 and remanding the remaining petty misdemeanor Abuse offense in Count 2 back to the Family Court.[3]  The State timely appealed the Dismissal Order.

On December 30, 2024, the Family Court filed its "Findings of Fact [(**FOFs**)], Conclusions of Law [(**COLs**)], and Order Granting [Naki]'s Motion to Dismiss Felony Information Complaint Count 1,"[4]  which contained the following COLs germane to this appeal:

> 1. [Naki]'s convictions arising out of two counts of misdemeanor Abuse of Family or Household Member in Case No. 3FFC-22-384 against separate individuals during the same incident is one prior conviction under Hawaiʻi Revised Statutes Section 709-906(8), as the convictions were charged in one case, are recorded in one judgment, and involve one incident;
>
> 2. To satisfy the requirement of having two prior convictions under Hawaiʻi Revised Statutes Section 709-906(8), [Naki] must be charged with having two or more prior convictions which are recorded in two or more judgments, and which arise out of separate incidents.

(Emphases added.)

---

[3]     On March 19, 2025, Naki pled no contest to Count 2, and was placed on probation for a one-year period.

[4]     See Hawaiʻi Family Court Rule 52(a) (requiring the family court to enter FOFs and COLs where none have been entered, upon the filing of a notice of appeal).

On appeal, the State argues that the "plain language" of HRS § 709-906(8) "does not require that prior convictions occur at separate times, in separate incidents, or in separate judgments"; the statute "contains no requirement other than that the new offense occurs [sic] within two years of a second or subsequent [Abuse] conviction"; and the statute had "no limitations, descriptors, or qualifiers regarding what constitutes a 'second or subsequent conviction.'" The State's reliance upon State v. Murray, 116 Hawai'i 3, 169 P.3d 955 (2007) and State v. Dudoit, 90 Hawai'i 262, 978 P.2d 700 (1999), is unpersuasive, as Murray and Dudoit are distinguishable.[5]

"[T]he fundamental starting point for statutory interpretation is the language of the statute itself[,]" and "where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning." Barker v. Young, 153 Hawai'i 144, 148, 528 P.3d 217, 221 (2023) (citation omitted). The felony penalty in HRS § 709-906(8) is triggered by a third offense "that occurs within two years of a

---

[5] In Murray, the Hawai'i Supreme Court held that the "at least two prior convictions" language in HRS § 709-906(8) constituted an element that the State had to prove. 116 Hawai'i at 9, 169 P.3d at 961. Murray did not deal with the question in this case, of whether two Abuse offenses charged in a single complaint resulting in a single judgment of conviction constitute two qualifying prior convictions for the felony aggravator provision.

In Dudoit, the supreme court construed a prior version of the Abuse statute that imposed a repeat offender penalty if the subsequent offense occurred within a year of "the previous offense," rather than a previous "conviction" under the version applicable here. 90 Hawai'i at 263-64, 978 P.2d at 701-02 (emphasis added) (quoting HRS § 709-906(5)(b) (Supp. 1997)). The version of the statute at issue here imposes repeat offender penalties based on a prior **conviction** and not based on a prior **offense** as in Dudoit. The Dudoit court distinguished "offense" as a "'breach of the criminal laws,' *i.e.*, a 'violation of law for which a penalty is prescribed[,]'" versus "conviction," which meant "the final judgment on a verdict or finding of guilty, a plea of guilty, or a plea of nolo contendere." Id. at 269, 978 P.2d at 707 (brackets omitted) (citing Black's Law Dictionary 333, 1081 (6th ed.1990)).

second or subsequent <u>conviction</u>[.]"  (Emphasis added.)  HRS
Chapter 709, however, does not define "conviction."

"When a term is not defined by statute, we determine
its meaning by looking to its ordinary and familiar
signification and general and popular use, and we may also
consider legal or other well accepted dictionaries."  <u>State v.
Nagamine</u>, 155 Hawaiʻi 442, 448, 565 P.3d 787, 793 (App. 2025)
(citation modified).  "Conviction" is defined as "[t]he act or
process of judicially finding someone guilty of a crime; the
state of having been proved guilty."  <u>Black's Law Dictionary</u> 423
(12th ed.); <u>see</u> <u>State v. Rodrigues</u>, 68 Haw. 124, 129, 706 P.2d
1293, 1297 (1985) ("In its common and popular sense, a
conviction refers to the finding of the jury or the court that
the defendant is guilty." (citation modified)).  "Conviction" is
also defined as "[t]he judgment (as by a jury verdict) that a
person is guilty of a crime."  <u>Black's Law Dictionary</u> 423 (12th
ed.); <u>see</u> <u>Rodrigues</u>, 68 Haw. at 129, 706 P.2d at 1297 ("In a
more technical sense, however, it means a final judgment entered
on such a determination." (citation modified)).  Under these
definitions above, "conviction" has two meanings:  the common
definition of the state of having been proved guilty, or a
technical definition meaning the entry of a final judgment based
on a determination of guilt.  In this case, the State relies on
the common definition, and the Family Court utilized the
technical definition.  Because there is "doubt, doubleness of
meaning, or indistinctiveness or uncertainty" as to the term
"conviction," and whether two Abuse convictions within a single
judgment constitute one "conviction" or two under HRS § 709-
906(8), an ambiguity exists.  <u>See</u> <u>Barker</u>, 153 Hawaiʻi at 148,
528 P.3d at 221 (citation omitted).

"[W]hen there is ambiguity in a statute, . . . the meaning of the ambiguous words may be sought by applying other methods of statutory interpretation, such as the *in pari materia* canon[.]"[6]  Id. at 149, 528 P.3d at 222 (citation modified); see Slaton v. State, 155 Hawaiʻi 312, 325, 564 P.3d 330, 343 (App. 2025) ("Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called in aid to explain what is doubtful in another." (quoting HRS § 1-16 (2009)).  We thus look to other sections of the penal code in ascertaining the meaning of "conviction."

HRS § 706-606.5 (2014 & 2022 Supp.), the repeat offender statute governing "sentencing of repeat offenders" for felonies, includes the Abuse felony aggravator provision in subsection (1)(z), as follows:  "Section 709-906(8) . . . relating to abuse of family or household members[.]"  HRS § 706-606.5(8) pertinently explains how to treat multiple convictions in a single judgment for felony repeat offender sentencing, as follows:

> (8) For purposes of this section:
>
> (a) Convictions under two or more counts of an indictment or complaint shall be considered a single conviction without regard to when the convictions occur;
>
> . . . .
>
> (c) A conviction occurs on the date judgment is entered.

HRS § 846E-1 (2014 & 2022 Supp.), governing the registration of sex offenders, similarly defines "conviction" as a "judgment on

---

[6]    We note that our review of the legislative history of HRS § 709-906(8) did not shed light on the meaning of "conviction."  See State v. Kotis, 91 Hawaiʻi 319, 329, 984 P.2d 78, 88 (1999) (holding that the plain language and legislative history of the statute at issue in that case was "silent" as to intent, and resorting to pari materia).

the verdict, or a finding of guilt," and provides that a "conviction" "occurs on the date judgment is entered." Thus, under these other criminal statutes that specifically address how to define or apply the term "conviction," the technical definition of "conviction" to mean the entry of judgment should apply in this case.

Here, consistent with the felony repeat offender sentencing statute applicable to felony Abuse convictions, HRS § 707-606.5(1)(z), we conclude that because Naki's two prior Abuse convictions are from two counts in the same complaint, they should be considered a single "conviction." Cf. HRS § 706-606.5(8)(a). Because a "conviction" occurs on the date the judgment is filed, and there was only a single December 19, 2022 Judgment of Conviction, HRS § 709-906(8)'s requirement of a "second or subsequent conviction" was not met in this case. Cf. HRS §§ 706-606.5(8)(c) and 846E-1.

We thus affirm the Family Court's conclusion that Naki's prior Abuse offenses that arose from "one case" and "recorded in one judgment" were "one prior conviction," and did not establish the "second or subsequent conviction" requirement for the felony aggravator provision. Under these circumstances, the Circuit Court did not abuse its discretion by dismissing Count 1 of the Information. See State v. Correa, 124 Hawaiʻi 179, 184, 238 P.3d 706, 711 (App. 2010) (reviewing a trial court's decision to dismiss a criminal charge for abuse of discretion). In light of our disposition affirming the dismissal of Count 1, we need not address Naki's argument regarding a double jeopardy clause violation for the State's continued prosecution of Count 1.

For the foregoing reasons, we affirm the November 26, 2024 Dismissal Order, filed by the Family Court of the Third Circuit.

DATED:  Honolulu, Hawai'i, October 17, 2025.

On the briefs:

Kirsten J. Selvig,
Deputy Prosecuting Attorney
County of Hawai'i,
for Plaintiff-Appellant.

William B. Heflin,
for Defendant-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge