STATE OF HAWAII, Plaintiff-Appellee, *v.* JOSEPH P. TAVARES, JR., Defendant-Appellant

NO. 7625

CRIMINAL NO. 52450

JULY 7, 1981

RICHARDSON, C.J., OGATA, MENOR,
LUM AND NAKAMURA, JJ.

OPINION OF THE COURT BY RICHARDSON, C.J.

The issue presented on this appeal is whether a conviction on the second count of a two-count indictment constitutes a separate conviction under Hawaii's repeat offender statute, HRS § 706-606.5 (Supp. 1980). Following a non-jury trial, the defendant was convicted on one count of burglary in the first degree. Because the defendant had been convicted on two counts of burglary on a prior

date, the trial court treated the defendant's immediate conviction as his third and sentenced him to a mandatory minimum term of ten years pursuant to section 706-606.5(1)(b). For reasons which are set forth in this opinion, we reverse the judgment of the trial court concerning the sentencing of the defendant.

## I. STATEMENT OF THE CASE

On February 13, 1979, Joseph P. Tavares, Jr. (hereinafter appellant) was indicted on one count of burglary in the first degree in violation of HRS § 708-810(1)(c) (1976). Appellant waived jury trial and was tried before the Honorable Edwin Honda on September 24, 1979. Upon hearing all of the evidence, Judge Honda returned a verdict of guilty. Subsequently, a sentencing hearing was held before Judge Honda on November 7, 1979. At that hearing, the State (hereinafter appellee) introduced four exhibits which showed that appellant had been charged with two counts of burglary in the first degree on February 21, 1975. The two counts stemmed from burglaries which the appellant had committed on December 30, 1974. Appellant had entered pleas of guilty to both counts on August 24, 1975, and judgments had been filed in both of them on November 13, 1975.

Because of these prior convictions, Judge Honda categorized appellant's immediate conviction as his third, and sentenced him to ten years of imprisonment without possibility of parole under section 706-606.5(1)(b).[1] Judgment was entered on November 8, 1979 and appellant filed an appeal thereafter.

---

[1] In its latest version, section 706-606.5(1) reads:

Sentencing of repeat offenders. (1) Notwithstanding section 706-669 and any other law to the contrary, any person convicted under section 707-701 relating to murder, 707-710 relating to assault in the first degree, 707-720 relating to kidnapping, 707-724 relating to criminal coercion involving dangerous weapons, 707-730 relating to rape in the first degree, 707-733 relating to sodomy in the first degree, 707-768 relating to extortion involving dangerous weapons, 708-810 relating to burglary in the first degree, 708-840 relating to robbery in the first degree, 712-1241 relating to the promoting of a dangerous drug in the first degree, 712-1242 relating to the promoting of a dangerous drug in the second degree, or 712-1244 relating to the promoting of a harmful drug in the first degree, who has a prior conviction for any of the above enumerated offenses or of any one of those enumerated in subsection (2) in this or another jurisdiction,

## II. DISCUSSION

Appellant's sole contention in this case is that the trial court erred in sentencing him to a ten-year prison term under section 706-606.5(1)(b). He contends that the .trial court should not have counted his previous convictions as two separate convictions in determining an appropriate sentence because they occurred in the same trial. Therefore, appellant argues that he should have received a five-year term under section 706-606.5(1)(a) because his immediate felony conviction constitutes a second and not a third conviction.

Whether appellant's position is valid or not is a matter of statutory interpretation. A basic tenet of statutory interpretation is that where the language of the statute is plain and unambiguous, construction by the court is inappropriate, and the court is bound to give effect to the law according to its plain and obvious meaning. *In re Hawaiian Tel. Co.,* 61 Haw. 572, 578, 608 P.2d 383, 387 (1980). On the other hand, where the language of the statute is ambiguous or of doubtful meaning, or where literal construction of a statute would produce unjust results, the court may look beyond express language of the statute to ascertain the legislative intent. *Id.* at 578, 608 P.2d at 387.

In the instant case, sections 706-606.5(1)(a) and (b) provide for increased criminal penalties "for each [felony] conviction after the first conviction." For example, under the statute, a second conviction would bring a mandatory five-year term of imprisonment without possibility of parole, while a third conviction would result in an incarceration period of ten years.

Although section 706-606.5(1) is explicit in delineating terms of imprisonment, the statute is ambiguous as to whether one conviction can be considered to have occurred "after" another conviction where both have been rendered simultaneously in the same trial.

---

within the time of the maximum sentence of the prior conviction, shall be sentenced for each conviction after the first conviction to a mandatory minimum period of imprisonment without possibility of parole during such period as follows:

    (a) Second conviction — 5 years;

    (b) Third conviction — 10 years.

One possible interpretation is that the legislature intended that each felony offense be committed after conviction for the preceding felony to warrant increased criminal penalties. Under this interpretation, convictions on several counts of an indictment which occur during the same trial would not be totalled up, but treated as "one" prior conviction. Another possible interpretation of the language of the statute is that a conviction on each count of an indict-ment represents a separate conviction for the purposes of adding up the number of convictions for sentencing. Under this interpretation, each conviction on a separate count would result in an enhanced criminal sentence.

Since the plain language of section 706-606.5(1) is ambiguous as to which of the aforementioned interpretations are accurate, this court may resort to extrinsic aids to construction. *Id.* at 578, 606 P.2d at 387. Case law interpreting the same or similar statute is always useful in analyzing the purpose and meaning of a legislative enactment where the language is ambiguous. In terms of Hawaii's case law, this court has never addressed the issue of simultaneous prior convictions in the context of section 706-606.5. Therefore, we now turn to the case law of other jurisdictions for guidance.

The rule followed in the majority of jurisdictions is that each successive felony must be committed after the previous felony conviction in order to count towards habitual criminal status. *See, e.g., State v. Carlson,* 560 P.2d 26 (Alaska 1977); *State v. Lohrbach,* 217 Kan. 588, 538 P.2d 678 (1975); *State v. Brezillac,* 19 Wash. App. 11, 573 P.2d 1343 (1978); *Johnson v. Cochran,* 139 So.2d 673 (Fla. 1962); *State v. Sanchez,* 87 N.M. 256, 531 P.2d 1229 (1975).

For example, in *State v. Carlson, supra* at 29, the Supreme Court of Alaska held that two or more convictions on the same day on two or more indictments, or on two or more counts of the same indictment constitute only one conviction for the purposes of Alaska's habitual offender statute.[2] In *Carlson,* the defendant was convicted of re-

---

[2] The wording of the Alaska statute AS 12.55.050 is very similar to Hawaii's repeat offender statute.

AS 12.55.050 provides:

*Increased punishment for persons convicted of more than one felony.* A person convicted of a felony in this state who has been previously convicted of a felony in this state or elsewhere, if the same crime elsewhere would constitute a felony under Alaska

ceiving and concealing stolen goods on February 27, 1976 and was sentenced by the trial court to five years of imprisonment. Subsequently, the State filed a motion to correct sentence in which it argued that the mandatory 20-year incarceration period usually reserved for four-time felony offenders was appropriate. The State contended that the defendant's immediate conviction was actually his fourth because he had been convicted on three previous occasions for felony offenses. The facts of the case showed that defendant was first convicted of burglary on December 24, 1969. His second and third convictions occurred on February 15, 1972 for two prior felony offenses. When the trial court denied the State's motion, the State sought mandamus in the Alaska Supreme Court to compel imposition of the 20-year term.

The Alaska Supreme Court rejected the State's argument and held that the defendant should have been sentenced as a third time felony offender given the fact that two of his prior convictions occurred on the same day. *Id.* at 30.

In explaining its holding, the court reasoned that simultaneous convictions should be treated as "one" conviction in light of the purpose behind habitual offender statutes. As the court pointed out, "[h]abitual criminal statutes are founded on the general principle that persistent offenders should be subject to greater sanctions than those who have been convicted once." *Id.* at 28. Moreover, the court emphasized that the increased sanctions under habitual offender statutes are reserved for criminals who have been given an opportunity to reform following a conviction, but who persist in violations of the law. *Id.* at 28-29. As the court stated, the rationale for this

---

law, is punishable as follows:

  (1) If the person is convicted of a felony which would be punishable by imprisonment for a term less than his natural life, and has previously been convicted of one felony, then he is punishable by imprisonment for not less than the minimum nor more than twice the longest term prescribed for the felony of which that person is convicted.

  (2) If the person has previously been convicted of two felonies, then he is punishable by imprisonment for not less than the minimum nor more than twice the longest term prescribed herein for a second conviction of felony.

  (3) If the person has previously been convicted of three or more felonies, then on the fourth conviction he shall be adjudged an habitual criminal, and is punishable by imprisonment for not less than 20 years nor more than the remainder of his natural life.

sentencing approach is that a convicted criminal who has not taken advantage of the opportunity to reform and subsequently commits another crime is a worse offender than one who has committed several crimes prior to any conviction. *Id.* at 30. Therefore, the court concluded that, under Alaska's habitual criminal statute, a defendant whose convictions occurred at one trial could not be sentenced to the same prison term as the individual who had been convicted repeatedly in separate trials. *Id.* at 30.

Other jurisdictions have followed the Alaska Supreme Court position. For example, in *State v. Lohrbach, supra,* the Kansas Supreme Court held that simultaneous prior convictions are to be treated as only one conviction for the purposes of Kansas' repeat offender law.[3] The court reasoned:

"The habitual criminal act was passed in the hope of bringing about a reformation of criminals by an increased penalty for a second offense, and when that hope of reformation had passed then the increased punishment should be meted out for the third offense. . . ."

*Id.* at 593, 538 P.2d at 682.

---

[3] The Kansas Habitual Criminal Act, K.S.A. 21-4504 (1974), states in relevant part:

Every person convicted a second or more time of a felony, the punishment for which is confinement in the custody of the director of penal institutions, upon motion of the prosecuting attorney, may be by the trial judge sentenced to an increased punishment as follows:

(1) If the defendant has previously been convicted of not more than one felony:

(a) The court may fix a minimum sentence of not less than the least nor more than twice the greatest minimum sentence authorized by K.S.A. 1972 Supp. 21-4501 for the crime for which the defendant stands convicted; and

(b) Such court may fix a maximum sentence of not less than the maximum provided by K.S.A. 1972 Supp. 21-4501 for such crime nor more than twice such maximum.

(2) If the defendant has previously been convicted of two (2) or more felonies:

(a) The court may fix a minimum sentence of not less than the least nor more than three times the greatest minimum sentence authorized by K.S.A. 1972 Supp. 21-4501 for the crime for which the defendant stands convicted; and

(b) Such court may fix a maximum sentence of not less than the maximum prescribed by K.S.A. 1972 Supp. 21-4501 for such crime, nor more than life.

In addition to these cases, the legislative history to section 706-606.5 also appears to be in accord with the majority rule. As is indicated in the conference committee report, the statute was designed to reduce the "high incidence of *repeated offense by previously convicted persons* within the State of Hawaii. . . ." Conf. Comm. Rep. No. 32 on H.B. No. 2932-76 (1976) (emphasis added). The focus here is on the commission of an offense by a felon who has already been convicted. In other words, it appears that the legislature intended that an individual not be considered a habitual criminal under section 706-606.5 unless he committed the principal offense after his previous felony conviction.

Given our interpretation of the legislative history and the policy reasons enunciated in *State v. Carlson, supra,* and other similar cases, this court chooses to follow the majority rule and holds that convictions on several counts of an indictment are to be treated as only one conviction for the purposes of section 706-606.5(1). To the extent that the appellant's prior convictions on two counts of burglary constitute only a single conviction under the statute, the trial court should have sentenced appellant to five years under section 706-606.5(1)(a) instead of the ten-year prison term under subsection (1)(b).

Accordingly, we reverse the judgment of the trial court and remand this case for resentencing consistent with this opinion.

*Lionel T. Oki,* Deputy Public Defender, for defendant-appellant.

*Peter B. Carlisle,* Deputy Prosecuting Attorney, for plaintiff-appellee.