STATE OF HAWAII, Plaintiff-Appellee *v.* EMMET AKAO, Defendant-Appellant, and BENE T. VALENZUELA, Defendant

NO. 8514

(CRIMINAL NO. 55390)

STATE OF HAWAII, Plaintiff-Appellee *v.* EMMET AKAO, Defendant-Appellant, and BARRY YOSHIZAWA and KENFORD ODA, Defendants

NO. 8495

(CRIMINAL NO. 55628)

FEBRUARY 8, 1983

LUM, ACTING C.J., NAKAMURA, PADGETT, HAYASHI, JJ., AND CIRCUIT JUDGE TSUKIYAMA ASSIGNED BY REASON OF VACANCY

*Per Curiam.* This appeal concerns the lower court's sentencing of defendant-appellant to two extended terms of punishment under our repeat offender statute, Hawaii Revised Statutes (HRS) § 706-606.5 (Supp. 1982), for two convictions of theft in the first degree following his pleas of guilty.

Appellant argues that the trial court erred in sentencing him to the mandatory minimum imprisonment of five years instead of a mandatory minimum of three years without possibility of parole. After careful review, we affirm.

On March 28, 1978, appellant committed his first offense of theft in the first degree to which he pleaded guilty on January 31, 1979. On December 12, 1978, while on bail, he committed

another offense of theft in the first degree to which he pleaded guilty on September 17, 1979. Appellant was sentenced for his first offense on March 22, 1979, and for his second offense on October 22, 1979. Appellant was placed on probation for two five-year periods for his two theft convictions.

On February 16, 1981, while on probation, appellant committed a third offense of theft. Then, on March 28, 1981, before appellant was sentenced for his third offense of theft, appellant committed yet another offense of theft. On November 12, 1981, appellant was sentenced under the repeat offender statute for both his third and fourth offenses of theft. The trial court found that appellant had two prior convictions which qualified him for mandatory imprisonment of five years without possibility of parole.

Appellant contends that under our holding in *State v. Tavares,* 63 Haw. 509, 630 P.2d 633 (1981), the first two convictions of theft should only be counted as one conviction under the statute because he did not have an opportunity to rehabilitate himself before he committed the second offense of theft. He posits the same argument with respect to the third and fourth convictions. Appellant therefore argues that he has only one prior conviction and is deserving of only a three-year mandatory minimum imprisonment without possibility of parole. We disagree.

In *Tavares,* defendant was convicted of two counts of burglary which were committed on the same date. This Court found that the language in subsection one (1) of HRS § 706-606.5 was ambiguous as to whether one conviction could be considered to have occurred "after" another conviction where both have been rendered simultaneously in the same trial. We resolved the amgibuity by interpreting subsection (1) to require that the principal offense be committed after the previous felony convictions in order to count towards habitual criminal status. *Id.* at 512, 515, 630 P.2d at 636, 637.

The language of HRS § 706-606.5(2) in comparison is clear and unambiguous. That section states in its pertinent part that:

[A]ny person convicted under section . . . 708-831 relating to theft in the first degree . . . who has a prior conviction or prior convictions for one or more offenses enumerated in subsection (1) or this subsection in this or another jurisdic-

tion, within the time of the maximum sentence of any prior conviction, shall be sentenced to a mandatory minimum period of imprisonment without possibility of parole during such period as follows:

 (a) One prior conviction - 3 years;

 (b) Two prior convictions - 5 years.

The above section only requires that a defendant have a "prior" conviction or convictions to qualify for greater punishment.

Finding no ambiguity in subsection two (2) and that appellant had two prior convictions at the time he committed his third and fourth offenses of theft, we affirm his five-year mandatory minimum sentence.

*Richard Pollack* (*Jonathan J. Ezer* on the briefs), Deputy Public Defenders, for defendant-appellant.

*Arthur E. Ross* (*Michael J. McGuigan* on the brief), Deputy Prosecuting Attorneys, for plaintiff-appellee.

### DISSENTING OPINION OF NAKAMURA, J., WITH WHOM CIRCUIT JUDGE TSUKIYAMA, JOINS

I respectfully dissent.

The court finds no ambiguity in HRS § 706-606.5(2) and concludes it should not be read consistently with HRS § 706-606.5(1) as interpreted and applied recently in *State v. Tavares,* 63 Haw. 509, 630 P.2d 633 (1981). Thus two provisions of the same penal code section will be subject hereafter to different applications. Furthermore, the ensuing result will be an anomalous situation where the subsection dealing with the more serious offenses may carry lesser penalties for repeat offenders. As I find the two subsections share a common purpose, I would interpret and apply them in similar fashion.