STATE OF HAWAII, Plaintiff-Appellee, *v.* BENJAMIN P. AHAKUELO, JR., Defendant-Appellant

NO. 9249

(TRAFFIC CASE NOS. 83-794 AND 83-828)

JUNE 19, 1984

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

Defendant Benjamin P. Ahakuelo, Jr. (Defendant) appeals from the sentence imposed upon him pursuant to Hawaii Revised Statutes (HRS) § 291-4(a)(2) (1982 and 1983 Supp.)[1] after his sec-

---

[1] Defendant was sentenced on March 30, 1983. At that time HRS § 291-4(a) provided in pertinent part:

*Driving under influence of intoxicating liquor.* (a) Whoever operates or assumes actual physical control of the operation of any vehicle while under the influence of intoxicating liquor shall be sentenced as follows without possibility of probation or suspension of sentence:

(1) For a first offense, or any offense not preceded within a four-year period by a conviction under this section, by:

(A) A fourteen-hour minimum alcohol abuse rehabilitation program including education and counseling, or other comparable program deemed appropriate by the court; and

(B) Any two of the following:

(I) Seventy-two hours of community service work;

(II) Thirty-day suspension of license;

(III) Forty-eight hours of imprisonment;

ond conviction of the offense of operating a motor vehicle while under the influence of intoxicating liquor (DUI). Defendant contends that the trial court erred in sentencing him as a repeat offender pursuant to the cited statute. We agree and remand for resentencing on the second conviction only.

Defendant was charged with two separate offenses of DUI which occurred on February 15, 1983 and on February 16, 1983.[2] The charges were orally and consecutively presented on the same day and Defendant entered guilty pleas to both charges.[3]

For the February 15, 1983 offense, the district court sentenced Defendant to a 14-hour alcohol abuse rehabilitation program, 72 hours of community service, and imprisonment for 2 days, pursuant to HRS § 291-4(a)(1). For the February 16, 1983 offense, the court sentenced Defendant to imprisonment for 10 days and a fine of $500 pursuant to the mandatory sentencing provisions of HRS § 291-4(a)(2).[4] This appeal followed.[5]

---

(2) For an offense which occurs within four years of a prior conviction under this section, by any two of the following:

(A) A fine of not less than $250 but not more than $1,000 or not less than 72 hours but not more than 150 hours of community service work;

(B) Ninety-day suspension of license;

(C) Not less than two days but not more than ten days of imprisonment [.]

Act 117, § 1, 1983 Haw. Sess. Laws 208, amended this section as of May 25, 1983, by increasing the penalties and by increasing to five years the time period pertinent to the subsequent offense. The subject section is now § 291-4(b).

[2] Defendant was also charged with operating a motor vehicle on February 15, 1983, without a valid no-fault insurance policy in violation of HRS § 294-8 (1978) and operating a motor vehicle on February 16, 1983, without a valid driver's license in violation of HRS § 286-102 (1979).

[3] In exchange for Defendant's pleading guilty to the DUI charges, the State dismissed a scheduled hearing to revoke Defendant's driver's license for his refusal to submit to a test of his breath or blood. HRS § 286-155 (1982 and 1983 Supp.).

[4] Defendant was fined $50 for driving without a license and $200 for driving without no-fault insurance.

[5] The district court refused to stay execution pending this appeal. However, the court allowed Defendant to serve his term of imprisonment on consecutive weekends. Defendant served five days of his ten-day term of imprisonment on the second DUI conviction before an order was issued by the supreme court on April 22, 1983, staying further execution of the sentence pending appeal.

The State contends that Defendant failed to file a timely notice of appeal and that the appeal should be dismissed because it was filed one day beyond the time required in Rule 37(c), Hawaii Rules of Penal Procedure (HRPP) (1981). The record indicates that the judgment was filed on March 30, 1983, and that on April 4, 1983, Defendant filed a motion for reconsideration of sentence. This motion was denied in an order filed on April 7, 1983. Defendant's notice of appeal was filed with the supreme court clerk's office as ex-officio clerk of the District Court of the First Circuit, on April 18, 1983, pursuant to HRS § 606-1 (1979).

The State's contention is without merit. The record indicates that the last day to file a timely notice of appeal was April 17, 1983. However, April 17, 1983, fell on a Sunday, so Defendant timely filed his appeal on the next day, April 18, 1983. *See* Rule 45(a), HRPP (1983).

Defendant contends that the district court erred in finding that the mandatory sentencing provision of HRS § 291-4(a)(2) applied to the sentence on the February 16, 1983 DUI offense. Citing *State v. Tavares,* 63 Haw. 509, 630 P.2d 633 (1981), he contends that the conviction of the February 15, 1983 DUI offense should not be treated as a prior conviction, since he had no opportunity to reform before the second conviction. Although we find the holding in *State v. Tavares, supra,* not determinative of the instant case, nevertheless we find that the trial court erred in construing the mandatory sentencing provision of § 291-4(a)(2) to be applicable to Defendant's second conviction.

The fundamental objective of a court in construing statutory language is to ascertain and give effect to the intent of the legislature as gleaned primarily from the language of the statute itself. *Hawaii Public Employment Relations Bd. v. United Public Workers, Local 646,* 66 Haw. 461, 667 P.2d 783 (1983); *State v. Ui,* 66 Haw. 366, 663 P.2d 630 (1983). Furthermore, each part or section of the statute should be construed in connection with every other part or section so as to produce a harmonious whole and to give a sensible and intelligent effect to each. *Waikiki Resort Hotel, Inc. v. City and County of Honolulu,* 63 Haw. 222, 624 P.2d 1353 (1981); *State v. Davis,* 63 Haw. 191, 624 P.2d 376 (1981).

Construing HRS § 291-4(a)(1) and (2) together and giving a sensible and intelligent effect to each, it is clear that the legislature

intended that the increased penalties of § 291-4(a)(2) are applicable only where sentence is being imposed for a DUI offense which occurred after a prior DUI conviction. Any interpretation contrary to this would not give effect to the triggering provisions of § 291-4(a)(2) and would not produce a harmonious result with the entire statute.

The intention of the legislature in promulgating § 291-4(a)(2) is clear. It was to impose the mandatory sentencing provisions thereof on persons convicted of a DUI "offense which occurs within four years of a prior *conviction* under this section."[6] (Emphasis added.) The focus of the section is upon the commission of a subsequent DUI offense by a person who has already had a drunk driving conviction.[7] The event which triggers the mandatory sentence is the prior conviction followed by the subsequent offense.[8] In the instant case, the second DUI offense was committed before Defendant was convicted of his first DUI offense and therefore the mandatory sentence provision of § 291-4(a)(2) was not applicable in sentencing Defendant.[9]

---

[6] The amendatory act, Act 117, *supra,* footnote 1, provides that any DUI conviction shall be considered a prior conviction. HRS § 291-4(b)(4) (Supp. 1983). The purpose of the amendment was to clarify that convictions which occurred prior to the enactment of that measure would be considered for the purpose of increasing penalties. *See* Sen. Stand. Comm. Rep. No. 99, in 1983 Senate Journal at 1477.

[7] When the legislature amended § 291-4 in 1983, it gave the statute the same interpretation we give it today. *See* Sen. Stand. Comm. Rep. No. 999, in 1983 Senate Journal at 1477. In that standing committee report, the joint committee on transportation and judiciary stated in part:
Presently the law provides the following penalties:

&ast; &ast; &ast; &ast;

(2) For an offense preceded by a similar conviction within 4 years, any 2 of the following:
    a. A fine of $250-$1,000 or 72-150 hours of community service;
    b. 90-day suspension of license;
    c. 2-10 days of imprisonment.

[8] We note that the language of § 291-4(a)(2) is different from that of HRS § 706-606.5 where the triggering event is the subsequent conviction. For that reason, we find the cases of *State v. Tavares, supra,* and *State v. Akao,* 66 Haw. 182, 658 P.2d 882 (1983), inapplicable to this case.

[9] HRS § 291-4(a)(2) is clearly a recidivist statute. The primary purpose of a recidivist statute is to warn first offenders that continued persistence in the same

Accordingly, we vacate the sentence of the trial court and remand this case for resentencing on the second conviction only. Defendant shall be sentenced under that portion of § 291-4(a)(1) (1982) that covers "any offense not preceded within a four-year period by a conviction under this section, . . ."

*Alvin T. Sasaki,* Deputy Public Defender, on the briefs for defendant-appellant.

*Arthur E. Ross, (Steven T. Barta* with him on the briefs) Deputy Prosecuting Attorneys, City and County of Honolulu, on the brief for plaintiff-appellee.

---

criminal activities will subject them to increased punishment if convicted for a second offense. *See* 39 Am. Jur. 2d *Habitual Criminals and Subsequent Offenders* § 3 (1968). Such statutes usually authorize the imposition of increased punishment to a recidivist who persists in the same criminal act after having once been convicted of the same offense. 39 Am. Jur. 2d *Habitual Criminals and Subsequent Offenders* § 6 (1968).