STATE OF HAWAII, Plaintiff-Appellant, *v.* JOE ELLIS SCOTT, JR., Defendant-Appellee

NO. 11944

(CR. NO. 85-1107)

December 4, 1987

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

Joe Ellis Scott, Jr. (defendant) entered a guilty plea for violating Hawaii Revised Statutes (HRS) § 134-8 (1985). The trial court sentenced him to a five year term of imprisonment, but suspended the sentence.

The State appeals the sentence. The State contends that the trial court lacked authority to suspend defendant's sentence. We agree.

HRS § 134-8 (1985) prohibits, *inter alia*, the possession of dangerous weapons, such as machine guns, sawed-off shotguns, and grenades.[1] The last sentence of that section provides:

> Any person violating this section shall be guilty of a class C felony and shall be imprisoned for a term of five years without probation.

The general rule is that the sentencing court has the authority to suspend imposition of a sentence. HRS § 706-605 (1985).[2][3] HRS § 134-8 clearly eliminates probation as a sentencing alternative, but there are no words specifically prohibiting the suspension of a sentence. But the words "shall be imprisoned" strongly suggest that imprisonment is mandatory.

When faced with the task of interpreting and applying a statute, this court's primary duty "is to ascertain the intention of the legislature and to implement that intention to the fullest degree." *State v. Ui*, 66 Haw. 366, 371, 663 P.2d 630, 633 (1983) (quoting *Keller v. Thompson*, 56 Haw. 183, 189, 532 P.2d 664, 669 (1975)).

Prior to 1980, the concern of the legislature over the special danger posed by gun crimes was reflected in the provision of mandatory jail sentences to be applied for violations of HRS Chapter

---

[1] In its entirety, HRS § 134-8 (1985) reads:

§ 134-8 Ownership, etc., of machine guns, automatic rifles, silencers, etc., prohibited; penalty. The manufacture, possession, sale, barter, trade, gift, transfer, or acquisition of any machine guns, submachine guns, automatic rifles, or rifles with barrel lengths less than sixteen inches, or shotguns with barrel lengths less than eighteen inches, cannon, mufflers, silencers, or devices for deadening or muffling the sound of discharged firearms, or any hand grenade, dynamite, or other explosives, blasting caps, bombs, or bombshell, or any type of ammunition, or any projectile component thereof, which is coated with teflon or any other similar coating or which is designed primarily to enhance its capability to penetrate metal or pierce protective armor, and any type of ammunition, or any projectile component thereof, designed or intended to explode or segment upon impact with its target, is prohibited. Any person violating this section shall be guilty of a class C felony and shall be imprisoned for a term of five years, without probation.

[2] In pertinent part, § 706-605 (1985) states:
(1) Except as provided in section 706-606 and subject to the applicable provisions of this Code, the court may suspend the imposition of sentence on a person who has been convicted of a crime[.]

[3] We note that Act 314, Session Laws of Hawaii 1986, deletes suspension of sentence as a sentencing alternative. However, that Act applies to offenses committed after January 1, 1987, and is, therefore, inapplicable to this case.

134. "[S]evere penalties and incarceration" were deemed necessary "as the only meaningful method of stopping gun crimes." Sen. Stand. Comm. Rep. No. 524, reprinted in 1971 Senate Journal at 1036. These mandatory terms of imprisonment, however, were inconsistent with the Penal Code and were not being applied by sentencing judges. Hse. Conf. Comm. Rep. No. 28-80, reprinted in 1980 House Journal at 1084; Sen. Conf. Comm. Rep. No. 30-80, reprinted in 1980 Senate Journal at 955. In view of this inconsistency, the legislature decided in 1980 to remove the mandatory penalties in Chapter 134, *except* as to § 134-8. The mandatory imprisonment provision for violating § 134-8 was retained because

> [t]he nature of prohibited weapons and related devices being of the type produced basically for the destruction of life and limb, are such that mandating a sentence of imprisonment is not unwarranted.

*Id.*

To say that § 134-8 prohibits a sentencing judge from granting probation, but nonetheless allows suspension of a sentence of imprisonment would be contrary to the clear intent of the legislature.

We hold that under HRS § 134-8, the trial court is mandated to sentence defendant to a term of imprisonment without any suspension of the sentence.[4]

Defendant's sentence is vacated and this case is remanded for sentencing consistent with this opinion.

*Alexa D. M. Fujise*, Deputy Prosecuting Attorney, for plaintiff-appellant.

*Travis Stephens* (*Dwight T. Tanaka*, on the brief; *Comack, Kiuchi & Nakamoto*) for defendant-appellee.

---

[4] In this case, the question of whether the paroling authority can establish a minimum term of imprisonment of less than five years is not before this court to decide.