**STATE OF HAWAII**, Plaintiff–Appellant, v. **EARL LEILANI PAALUHI**, Defendant–Appellee

NO. 12828

(CASE NOS. TR48P, 55P, & 58P)

FEBRUARY 9, 1989

LUM, C.J., NAKAMURA, PADGETT,
HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY HAYASHI, J.

Plaintiff–Appellant State of Hawaii (State) appeals the judgment sentencing Defendant–Appellee Earl Leilani Paaluhi (Paaluhi) to a $300 fine for three counts of driving without no–fault insurance pursuant to Hawaii Revised Statutes (HRS) §§ 294–8 and 294–39.[1] Paaluhi had com-

---

[1] HRS § 294–8 (1985) reads (emphasis added):

**Conditions of operation and registration.** (a)(1) No person shall operate or use a motor vehicle upon any public street, road, or highway of this State at any time unless such motor vehicle is insured at all times under a no–fault policy. Every owner of a motor vehicle used or operated at any

mitted the offenses at different times but was convicted plus sentenced for all three violations on the same day. State contends that 1) Paaluhi was a multiple offender; so 2) the trial court erred by not imposing the more severe, mandatory multiple offender penalties. We agree, therefore vacate the sentence, and remand the case for resentencing.

## I.

## BACKGROUND FACTS

No facts are disputed. On February 11, 1988 pursuant to plea bargaining, Paaluhi pled guilty to six counts of driving without a license (HRS § 286–102), two counts of driving under the influence of alcohol (HRS § 291–4(a)), one count of contempt of court (HRS § 710–1077), and the three no–fault insurance violation counts. Paaluhi perpetrated the last three offenses on September 28, 1982, October 26, 1985, and December 12, 1987.

---

time upon any public street, road, or highway of this State shall obtain a no–fault policy upon such vehicle which provides the coverage required by this chapter and shall maintain the no–fault policy at all times for the entire motor vehicle registration period. (2) The requirements of this subsection may be satisfied by any owner of a motor vehicle if:

    (A)    Such owner provides a surety bond, proof of qualifications as a self–insurer, or other securities affording security substantially equivalent to that afforded under a no–fault policy, providing coverage at all times for the entire motor vehicle registration period, as determined and approved by the commissioner under regulations, and

    (B)    The commissioner is satisfied that in case of injury or death or property damage, any claimant would have the same rights against such owner as the claimant would have had if a no–fault policy had been applicable to such vehicle.

    (b) *Any person who violates the provisions of subsection (a) shall be subject to the provisions of subsection 294–39(a).*

    (c) The provisions of this chapter shall not apply to any vehicle owned by or registered in the name of any agency of the federal government.

HRS § 294–39 will be described *infra.*

After the trial court had accepted Paaluhi's guilty pleas, the following exchange occurred during the sentencing:

[THE COURT:] For no–fault insurance, Case Number 48, 57 and 58, Court at this time will impose *a fine of $100 each, consecutive.*

MR. LINSTROM: Your Honor, at this time, the State would object to that sentence. It would inquire of the Court if the Court is ruling that *Ahakuelo [State v. Ahakuelo*, 5 Haw. App. 205, 683 P.2d 400 (1984)] applies to the no–fault cases?

THE COURT: I also will indicate that *Ahakuelo* does apply.

MR. LINSTROM: At this time, Your Honor, State would indicate that Section 294–39 reads that each additional offense shall be charged at the rate of—at the enhanced sentencing rate; and I would further indicate to you that *Ahakuelo* does not apply because *Ahakuelo* by its term applies to DUI [driving under the influence] and perhaps to serious or criminal offenses. And that in this case, there is no benefit of sentencing.

So the internal rationale of *Ahakuelo* that somehow the alcohol rehabilitation and training would have prevented a second offense does not apply to no–fault.

So if the State's objection may be noted and at this time—

THE COURT: Your objection is noted.

Transcript of February 11, 1988 at 12–13 (emphasis added).

The judgment was entered, and State subsequently appealed pursuant to HRS § 641–13(6) (Supp. 1988). Paaluhi has not cross–appealed.

## II.

### QUESTION PRESENTED

The sole issue on appeal is as follows:

Whether the trial court erred by not imposing the multiple offender penalties on Paaluhi? YES.

We thus need not address the other contentions raised by Paaluhi.

III.

## ENHANCED SENTENCING UNDER HRS § 294–39

State maintains that, under HRS § 294–39, Paaluhi was a multiple offender who had to be subjected to the enhanced sentencing penalties. Paaluhi counters that 1) the trial court imposed a legal sentence; so 2) State has no basis to appeal.

Although this court has rejected an approach to statutory construction which is limited to the words of the statute, it is still fundamental that the statutory language is the starting point for any interpretation which 1) must be consistent with the legislative purpose; and 2) cannot contradict the plain and obvious meaning of the law. *State v. Oshiro*, 69 Haw. ___, 746 P.2d 568 (1987); *see State v. Avilla*, 69 Haw. ___, 750 P.2d 78 (1988) (per curiam).[2]

HRS § 294–39 (1975) reads in relevant part (emphasis added):

(a) Any person subject to the provisions of this chapter in the capacity of the operator, owner or registrant of a motor vehicle in this State, or registered in this State, who violates any applicable provision of this chapter, shall be subject to citation for such violation by any county police department in a form and manner approved by the violations bureau of the district court of the first circuit. *Each violation shall be deemed a separate offense* and shall be subject to a fine not to exceed $1,000 or thirty days imprisonment, or suspension of motor vehicle driver's license, or forfeiture of motor vehicle certificate of registration, or any combination of such penalties.

By contrast, HRS § 294–39 (1985) provides in pertinent part (emphasis added):

(a) Any person subject to this chapter in the capacity of the operator, owner, or registrant of a motor vehicle in this State, or registered in this State, who violates any applicable provision

---

[2] Because Paaluhi had committed the offenses in three separate years, the September 28, 1982 offense was subject to the 1975 version of HRS § 294–39, the October 26, 1985 incident came under the 1985 law, while the December 12, 1987 violation fell within the 1987 statute.

of this chapter, shall be subject to citation for the violation by any county police department in a form and manner approved by the violations bureau of the district court of the first circuit. Notwithstanding any provision of the Hawaii Penal Code, *each violation shall be deemed a separate offense and shall be subject to a fine not less than $100 nor more than $1,000* and the fine shall not be suspended; *provided if the person is convicted of not having had a no-fault policy in effect at the time the citation was issued, the fine for the first offense shall be $100, with a minimum of $400 for each additional offense.* Any operator of a motor vehicle owned by another person shall not be considered in violation of this section if the operator's own insurance covers such driving.

*In the case of multiple violations the court shall in addition to any other penalty, impose the following penalties*:

(1)　Imprisonment of not more than thirty days;
(2)　Suspension or revocation of driver's license of the driver and of the registered owner;
(3)　Suspension or revocation of the motor vehicle registration plates of the vehicle involved;
(4)　Impoundment, or impoundment and sale, of the motor vehicle for the costs of storage and other charges incident to seizure of the vehicle; or any other cost involved pursuant to section 294–10; or
(5)　Any combination of such penalties[.]

Finally, HRS § 294–39 (1987) states in important part (emphasis added):

(a) Any person subject to this chapter in the capacity of the operator, owner, or registrant of a motor vehicle in this State, or registered in this State, who violates any applicable provision of this chapter, shall be subject to citation for the violation by any county police department in a form and manner approved by the violations bureau of the district court of the first circuit. Notwithstanding any provision of the Hawaii Penal Code, *each violation shall be deemed a separate offense and shall be subject to a fine not less than $100 nor more than $1,000* and the fine shall not be suspended; *provided if the person is convicted of not having had a no-fault policy in effect at the time the*

*citation was issued, the fine for the first offense shall be $100, with a minimum of $400 for each additional offense.*

. . . .

*In the case of multiple violations the court shall, in addition to any other penalty, impose the following penalties*:

(1)    Imprisonment of not more than thirty days;

(2)    Suspension or revocation of driver's license of the driver and of the registered owner;

(3)    Suspension or revocation of the motor vehicle registration plates of the vehicle involved;

(4)    Impoundment, or impoundment and sale, of the motor vehicle for the costs of storage and other charges incident to seizure of the vehicle; or any other cost involved pursuant to section 294–10; or

(5)    Any combination of such penalties.

Here, Paaluhi pled guilty, was convicted, and was sentenced on the same day for three different offenses which had occurred at three separate times. Furthermore, there exists no dispute that he had committed these violations. *See State v. Apuna*, 3 Haw. App. 673, 657 P.2d 1062 (1983).

The trial court, however, relied on *State v. Ahakuelo*, 5 Haw. App. 205, 683 P.2d 400 (1984), where the defendant had been charged with driving under the influence of alcohol on February 15, 1983 plus February 16, 1983, was convicted on both counts in the same proceeding, was sentenced as a first offender for the February 15, 1983 charge, but was subjected to the enhanced sentencing provisions for the February 16, 1983 charge. The Intermediate Court of Appeals vacated the enhanced sentencing and remanded the case for resentencing by opining that:

Construing HRS § 291–4(a)(1) and (2) together and giving a sensible and intelligent effect to each, it is clear that the legislature intended that the increased penalties of § 291–4(a)(2) are applicable only where sentence is being imposed for a DUI offense which occurred after a prior DUI conviction. Any interpretation contrary to this would not give effect to the triggering provisions of § 291–4(a)(2) and would not produce a harmonious result with the entire statute.

The intention of the legislature in promulgating § 291–4(a)(2) is clear. It was to impose the mandatory sentencing provisions thereof on persons convicted of a DUI "offense

which occurs within four years of a prior *conviction* under this section." (Emphasis added.) The focus of the section is upon the commission of a subsequent DUI offense by a person who has already had a drunk driving conviction. The event which triggers the mandatory sentence is the prior conviction followed by the subsequent offense. In the instant case, *the second DUI offense was committed before Defendant was convicted of his DUI offense and therefore the mandatory sentence provision of § 291–4(a)(2) was not applicable in sentencing Defendant.*

*Id.* at 207–08, 683 P.2d at 403 (emphasis added and footnotes omitted).

The different language in HRS §§ 291–4 and 294–39, however, makes the *Ahakuelo* rationale inapplicable to the instant action. HRS § 294–39 clearly recites that the *commission* of more than one offense necessitates the multiple offender penalties. *Cf. State v. Akana*, 68 Haw. 164, 706 P.2d 1300 (1985).

By comparison, for purposes of the repeat offender sentencing statutes defining "conviction" (HRS §§ 706–606.5(1) plus 706–666(1)), a defendant who committed different crimes a month apart, was charged in separate indictments, was found guilty in separate trials on each offense, but was sentenced for both crimes on the same day, had two convictions, so was a repeat offender. *State v. Rodrigues*, 68 Haw. 124, 706 P.2d 1293 (1985). But, convictions on both counts of one indictment are considered a single conviction. *State v. Tavares*, 63 Haw. 509, 630 P.2d 633 (1981).

The situation in the present case initially appears more similar to *Tavares*, but the only reason why all the various offenses were heard together by the trial court is because Paaluhi had previously refused to show up for trial when required. As State accurately complains, adopting Paaluhi's position "would reward [him] for failing to report to court on the first citation, and treat him as a first offender when he finally appears in court on three successive multiple violations." Opening Brief at 10. This is not what the legislature had intended. *See State v. Himuro*, 70 Haw.___, 761 P.2d 1148 (1988). *Rodrigues*, by contrast, is the more appropriate precedent.

Paaluhi was convicted for three separate violations occurring in different years. Accordingly, the trial court should have given the mandatory, enhanced sentencing penalties established by the legislature. *See State v. Johnson*, 68 Haw. 292, 711 P.2d 1295 (1985). Although the

*Ahakuelo* logic seems appealing, the trial court was required to sentence Paaluhi as a multiple offender (discretion, however, still existed on what combination of punishments might be imposed). *See State v. Scott*, 69 Haw. ___, 746 P.2d 976 (1987).

## IV.

## CONCLUSION

Based on the above reasoning, the language of HRS § 294–39, plus the specific facts of this controversy, *see State v. Moniz*, 69 Haw. ___, 742 P.2d 373 (1987), the sentence is vacated, and the case is remanded for resentencing consistent with this opinion. *See State v. Baroza*, 68 Haw. 169, 706 P.2d 1304 (1985).

*Vickie L. Silberstein*, Deputy Prosecuting Attorney, for Plaintiff–Appellant.

*Mary Helen Wong* (*Daniel Pagliarini* and *Linda C. Ramirez* on the brief), Deputy Public Defenders, for Defendant–Appellee.