**STATE OF HAWAI'I**, Plaintiff–Appellee, v. **LEAH JAN SIMPSON**, Defendant–Appellant

NO. 15627

(D.C. COMPLAINT NO. 91217555)

APRIL 8, 1992

BURNS, C.J., HEEN, J., AND CIRCUIT JUDGE
SPENCER, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY BURNS, C.J.

On April 24, 1991 Defendant Leah Jan Simpson (Simpson) was arrested for prostitution in violation of Hawai'i Revised Statutes (HRS) § 712–1200 (Supp. 1991). She was arraigned on April

29, 1991. On June 13, 1991 Simpson was again arrested for prostitution. She was arraigned on June 18, 1991. On August 22, 1991, in case 32P, she pled guilty with respect to the April 24, 1991 offense and then, in case 33P, she pled guilty with respect to the June 13, 1991 offense. She was immediately found guilty of both offenses and sentenced.

In case 32P, the district court sentenced Simpson, pursuant to HRS § 712–1200(4)(a), to a $500 fine. Then, in case 33P, the district court sentenced Simpson, pursuant to HRS § 712–1200(4)(b), to a $500 fine and incarceration for 30 days. The execution of both sentences was stayed pending this appeal.

Simpson contends HRS § 712–1200(4)(b) did not apply to the facts of her case and, therefore, that the sentence in case 33P was not statutorily authorized. We disagree and affirm the August 22, 1991 judgment.

In *State v. Tavares*, 63 Haw. 509, 511, 630 P.2d 633 (1981), the Hawai'i Supreme Court stated that

> [a] basic tenet of statutory interpretation is that where the language of the statute is plain and unambiguous, construction by the court is inappropriate, and the court is bound to give effect to the law according to its plain and obvious meaning. *In re Hawai'ian Tel. Co.*, 61 Haw. 572, 578, 608 P.2d 383, 387 (1980). On the other hand, where the language of the statute is ambiguous or of doubtful meaning, or where literal construction of a statute would produce unjust results, the court may look beyond express language of the statute to ascertain the legislative intent. *Id.* at 578, 608 P.2d at 387.

In *State v. Paaluhi*, 70 Haw. 237, 240, 768 P.2d 235, 237 (1989), the Hawai'i Supreme Court stated that

> [a]lthough this court has rejected an approach to statutory construction which is limited to the words of the statute, it is still fundamental that the statutory language

is the starting point for any interpretation which 1) must be consistent with the legislative purpose; and 2) cannot contradict the plain and obvious meaning of the law. [Citations and footnote omitted.]

HRS § 712–1200(4) provides as follows:

(4) Notwithstanding any other law to the contrary, a person convicted of committing the offense of prostitution shall be sentenced as follows:

(a) For the first offense, a fine of $500 and the person may be sentenced to a term of imprisonment of not more than thirty days; provided, in the event the convicted person defaults in payment of the $500 fine, and the default was not contumacious, the court may sentence the person to perform services for the community as authorized by section 706–605(1).

(b) For any subsequent offense, a fine of $500 and a term of imprisonment of thirty days, without possibility of suspension of sentence or probation.

In HRS § 712–1200(4), the word "convicted" is used in a pre–sentence context. Therefore, as used therein, it means the ascertainment of guilt. *See State v. Akana*, 68 Haw. 164, 706 P.2d 1300 (1985). Thus, the district court "convicted" Simpson of two offenses. The offense that was "first," in terms of both commission and ascertainment of guilt, was the offense involved in case 32P. The offense that was "subsequent," in terms of both commission and ascertainment of guilt, was the offense involved in case 33P. Consequently, the offense involved in case 33P was a "subsequent offense" to the offense involved in case 32P and sentencing for it was governed by HRS § 712–1200(4)(b).

Simpson argues that *State v. Ahakuelo*, 5 Haw. App. 205, 683 P.2d 400 (1984), compels us to rule in her favor. We disagree.

*Ahakuelo* involved a statute that required the "offense" for which Ahakuelo was being sentenced to have been preceded by a "conviction." It was not necessary to decide whether that word "conviction" meant ascertainment of guilt or judgment of conviction. In either case, the offense for which Ahakuelo was sentenced was preceded by only an offense, not a conviction.

We recognize, but are not called upon to decide, the issue we would have faced had the district court accepted Simpson's guilty plea in case 33P before accepting Simpson's guilty plea in case 32P.

Accordingly, we affirm the district court's August 22, 1991 judgment (1) adjudicating Simpson guilty of two offenses of prostitution; (2) sentencing her in case 32P under HRS § 712–1200(4)(a) for the offense that was first in terms of both commission and ascertainment of guilt; and (3) sentencing her in case 33P under HRS § 712–1200(4)(b) for the offense that was subsequent to the first offense in terms of both commission and ascertainment of guilt.

*William A. Harrison* (Gima, Harrison & Matsuoka) on the briefs for defendant–appellant.

*Glenn T. Taniguchi*, Deputy Prosecuting Attorney, on the brief for plaintiff–appellee.