885 P.2d 1135

STATE of Hawai'i, Plaintiff–Appellant,

v.

Marie RAMELA, aka Miki Hamila, aka
Rimma Zakharova, Defendant–
Appellee.

No. 16427.

Supreme Court of Hawai'i.

Nov. 23, 1994.

Doraine F. Meyer, Deputy Pros. Atty., on
the briefs, Honolulu, for plaintiff–appellant.

William A. Harrison, on the briefs, Honolu-
lu, for defendant–appellee.

Before MOON, C.J., and KLEIN,
LEVINSON, NAKAYAMA and RAMIL, JJ.

MOON, Chief Justice.

Plaintiff-appellant State of Hawai'i (the
prosecution) appeals from the sentences of
defendant-appellee Marie Ramela, also
known as Miki Hamila and Rimma Zakharo-
va (Ramela). Ramela pleaded guilty to six
offenses of prostitution, in violation of Ha-
wai'i Revised Statutes (HRS) § 712–1200
(Supp.1992), pleading guilty to each offense
in reverse chronological order. She was sen-
tenced, in reverse chronological order, to
fines of $500 for each offense. On appeal,
the prosecution contends that the district
court erred in failing to sentence Ramela as a
repeat offender for subsequent offenses un-
der HRS § 712–1200(4)(b).

We agree with the prosecution and hold
that the district court imposed illegal sen-
tences. Consequently, we vacate the sen-
tences and remand this case with instructions
that Ramela be resentenced for each of the
six offenses of prostitution in chronological
order pursuant to HRS § 712–1200(4)(b).

## I. BACKGROUND

Ramela was arrested for six separate of-
fenses of prostitution, two occurring on the
same evening. Prior to these offenses,
Ramela had no criminal convictions. At ar-
raignment, she pled not guilty to each of-
fense.

All of the offenses were consolidated for
trial, at which time, Ramela indicated that
she wished to change all of her pleas to
guilty.[1] Defense counsel stipulated that a
factual basis existed for each charged offense
and requested that Ramela be allowed to
enter her guilty pleas in reverse chronologi-
cal order, with sentencing to follow in the
same manner. The prosecution objected on
the ground that allowing Ramela to enter her

1. During the hearing, Ramela also pled guilty to
one count of contempt of court for which she

was fined $500, which conviction and sentence is
not a subject of this appeal.

pleas and receive her sentencing in reverse chronological order would enable her to avoid being sentenced to the mandatory thirty days imprisonment for subsequent offenses as prescribed under HRS § 712–1200(4)(b).[2]

Acknowledging that sentencing Ramela in reverse chronological order could result in avoidance of the mandatory sentencing aspect of section 712–1200(4)(b) and that this issue was one of first impression, the district court elected to accept Ramela's guilty pleas as offered, sentence her in reverse chronological order, and create a record for appeal purposes. The district court, however, impressed upon Ramela that, in the event the appellate court determined her sentences to be illegal, she could be sentenced to the mandatory thirty-day term of imprisonment and a $500 fine for each of her subsequent offenses. Nonetheless, Ramela elected to plead guilty. The district court entered Ramela's pleas and sentenced her in reverse chronological order, fining her $500 for each offense. This timely appeal followed.

## II. *DISCUSSION*

The dispositive issue on appeal is whether the district court erred by sentencing Ramela as a first-time offender for each of the six offenses, thereby allowing her to avoid the mandatory minimum term of imprisonment for subsequent offenses.

The disposition of this case rests on the construction of HRS § 712–1200(4), which provides in pertinent part:

Notwithstanding any other law to the contrary, a person convicted of committing the offense of prostitution shall be sentenced as follows:

(a) For the first offense, a fine of $500 and the person may be sentenced to a term of imprisonment of not more than thirty days; provided, in the event the convicted person defaults in payment of the $500 fine, and the default is not contumacious, the court may sentence the person to perform services for the community as authorized by section 706–605(1).

(b) For any subsequent offense, a fine of $500 and a term of imprisonment of thirty days, without possibility of suspension of sentence or probation.

The interpretation of a statute is a question of law which this court reviews *de novo*. *Pacific Int'l Servs. Corp. v. Hurip*, 76 Hawai'i 209, 216, 873 P.2d 88, 95 (1994); *Franks v. City and County of Honolulu*, 74 Haw. 328, 334, 843 P.2d 668, 671 (1993). The standard of review for statutory construction is well established. "[O]ur foremost obligation is to ascertain and give effect to the intention of the legislature[,] which is to be obtained primarily from the language contained in the statute itself." *Hurip*, 76 Hawai'i at 216, 873 P.2d at 95 (citations omitted). "Moreover, where the language of the statute is plain and unambiguous, our only duty is to give effect to its plain and obvious meaning." *Ing v. Acceptance Ins. Co.*, 76 Hawai'i 266, 270, 874 P.2d 1091, 1095 (1994) (citations omitted).

Based on our reading of HRS § 712–1200(4), we conclude that the statutory language is plain and unambiguous. An individual convicted of a first offense of prostitution must be sentenced to a fine of $500, and the court has the discretion to impose a term of imprisonment of not more than thirty days. The court, however, does not have any discretion in sentencing an individual convicted of any subsequent offense of prostitution. In other words, the sentence of a fine of $500 and a thirty-day term of imprisonment is mandatory without the possibility of the sentence being suspended or the defendant receiving probation.

The word "subsequent" is defined as "[f]ollowing in time; coming or being later than something else; succeeding." *Black's Law Dictionary* 1427 (6th ed. 1990). Thus, in the context of HRS § 712–1200(4)(b), any offense occurring *after* the date of the first offense is a "subsequent offense." According to this plain interpretation, all of Ramela's offenses occurring after the date of the first offense are subsequent offenses subject to the mandatory sentence prescribed in subsection (b).

**2.** We note that this issue was recognized but not decided by the Intermediate Court of Appeals in

*State v. Simpson*, 9 Haw.App. 165, 827 P.2d 1156 (1992).

Any other reading of HRS § 712–1200(4) would produce an absurd result, *Franks*, 74 Haw. at 341, 843 P.2d at 674, and contradict the obvious meaning of the statute. *State v. Paaluhi*, 70 Haw. 237, 240, 768 P.2d 235, 237 (1989).

Under the district court's treatment, individuals in Ramela's position would be encouraged to consolidate all of their cases, plead guilty to each offense, request sentencing in reverse chronological order, and never have any of the offenses deemed a "subsequent offense." Under these circumstances, such application of the repeat offender provision of HRS § 712–1200(4)(b) would render it a nullity. Moreover, such a reading would yield absurd results and would be inconsistent with the stated purpose of the statute.[3] *Keaulii v. Simpson*, 74 Haw. 417, 421, 847 P.2d 663, 667, *reconsideration denied*, 74 Haw. 650, 853 P.2d 542, *cert. denied*, —— U.S. ——, 114 S.Ct. 61, 126 L.Ed.2d 31 (1993) ("[s]tatutory provisions must be ... interpreted in a manner consistent with the purposes of the statute." (Citation omitted.)).

The district court's sentencing of Ramela was clearly contrary to the language of HRS § 712–1200(4)(b) and the legislative intent because all of the offenses occurring after the date of the first offense were, in fact, subsequent offenses. Thus, we hold that Ramela's sentences are illegal. *See* Hawai'i Rules of Penal Procedure Rule 35 (1985) ("The court may correct an illegal sentence at any time[.]"); *State v. Fry*, 61 Haw. 226, 230–31, 602 P.2d 13, 16 (1979); *see also State v. Kahalewai*, 71 Haw. 624, 801 P.2d 558 (1990).

### III. *CONCLUSION*

Based on the foregoing, we vacate the sentences for each of Ramela's six offenses of prostitution and remand this case with instructions that the court enter the appropriate sentences consistent with this opinion.

---

**3.** Although not necessary to our analysis, we note that the legislative history underlying HRS § 712–1200 confirms the correctness of our holding. The 1981 legislature, in divesting the courts of full discretion by formulating penalties for the crime of prostitution under HRS § 712–1200(4)(b), stated:

The purpose of this bill is to establish mandatory fines and imprisonment for persons convicted of the offense of prostitution.

At present, courts have full discretion in sentencing, and your Committee finds that fines imposed on persons convicted of prostitution average $100 per offense. Less than six percent of the cases impose sentences of imprisonment.

Your Committee believes that some form of mandatory sentence of imprisonment is necessary to curb rising crimes of violence and property crimes, many of which occur as a consequence of the offense of prostitution.

The bill provides that persons convicted of prostitution for the first time be mandatorily fined $500 and may also be sentenced to a term of not more than 30 days. Thus, the judge, in the case of a first offense, is mandated to impose a fine of $500 and has the discretion to impose a sentence of imprisonment up to 30 days.

*Your Committee believes that the imposition of a mandatory fine and jail term in cases of repeat offenders is justified since conviction of a second or subsequent offense is an indication that the defendant is prone to criminal activity as a [s]ource of income. In subsequent offenses, the court is mandated to impose the sentence of imprisonment and a fine of $500 without the possibility of suspension or probation.*

Hse.Conf.Comm.Rep. No. 25, in 1981 House Journal, at 908 (emphasis added); *accord* Hse. Stand.Comm.Rep. no. 631, in 1981 House Journal, at 1204–05; Sen.Conf.Comm.Rep. No. 15, in 1981 Senate Journal, at 907.